Filed 4/19/16  P. v. Shoemaker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077899 |
| v. | (Super. Ct. No. CRF13588) |
| DAVID JOSEPH SHOEMAKER, | |
| Defendant and Appellant. | |

Defendant David Joseph Shoemaker appeals the judgment imposed following his pleas of no contest to two counts of oral copulation of a minor.  Specifically, he appeals the trial court's order that he pay a restitution fund fine of $3,360, contending the trial court violated ex post facto prohibitions when it calculated his restitution fund fine utilizing a minimum fine not in effect at the time he committed the crimes.  Based on counsel's failure to object, we conclude defendant has forfeited this issue.  Defendant also contends the trial court erred by imposing $60 per count for the additional DNA penalty assessment attached to the sex offender fine.  The People properly concede this point.  We conclude the assessment must be reduced to $30 per count.

1

The People contend the trial court erred in not imposing a mandatory state-only DNA penalty assessment on the sex offender fine. We agree and remand the matter to the trial court for further proceedings to determine the proper amount of the state-only DNA penalty assessment and defendant's ability to pay the increased assessment. In all other respects, the judgment is affirmed.

BACKGROUND

Between October 8, 2010 and October 7, 2012, defendant repeatedly orally copulated a minor. The minor was 15 years old when defendant began sexually molesting her.

An information charged defendant with seven sexual offenses against multiple victims. (Pen. Code, §§ 288.5, subd. (a), 289, subd. (a)(1)(C), 261, subd. (a)(2)/264, subd. (c)(2), 288a, subd. (c)(2)(C), 243.4, subd. (a).)[1] Defendant pleaded no contest to two counts of unlawful oral copulation upon one minor who was then 14 years or older, accomplished against the victim's will, by means of duress (§ 288a, subd. (c)(2)(C)), in exchange for a stipulated sentence of 12 years in prison. Pursuant to the People's motion, the trial court dismissed the remaining counts.

In accordance with the plea agreement, the trial court sentenced defendant to serve a prison term of 12 years. The trial court ordered defendant to pay a $3,360 restitution fund fine (§ 1202.4) and imposed and stayed a corresponding $3,360 parole revocation fine (§ 1202.45). The trial court also ordered defendant to pay $1,140 as to each count under section 290.3 and the attendant penalty assessments. Specifically, the trial court imposed a $300 base fine (§ 290.3), a $300 state penalty assessment (§ 1464, subd. (a)(1)), an additional $210 penalty (Gov. Code, § 76000, subd. (a)(1)), a $60 state surcharge (§ 1465.7), a $150 state court construction penalty (Gov. Code, § 70372), a $60

---

[1]     Undesignated statutory references are to the Penal Code.

2

additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)), and a $60 additional penalty for emergency medical services (Gov. Code, § 76000.5).  The trial court did not impose a state-only DNA penalty under Government Code section 76104.7, subdivision (a).

DISCUSSION

I

*Restitution Fund Fine*

With limited exceptions not relevant here, the trial court must impose a restitution fund fine of up to $10,000 in every case.  (§ 1202.4, subd. (b)(1).)  The minimum fine varies depending on the date the defendant committed the offense.  Within these limits, the specific amount of the fine is within the trial court's discretion.  The statute also provides a formula the trial court *may* use to determine the amount of the fine "as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  (§ 1202.4, subd. (b)(2).)

Here, the trial court, relying on the probation report, imposed a $3,360 restitution fund fine.  Neither gave any indication of how that amount was calculated.  Defendant contends the trial court must have calculated the fine using the statutory formula, multiplying the number of years of imprisonment (12) by the minimum fine of $280; that is, by using the minimum in effect beginning January 1, 2013, rather than the minimum fine of $240 in effect beginning January 1, 2012.  Accordingly, defendant contends the imposition of this $3,360 restitution fund fine, and corresponding $3,360 parole revocation fine, was an unauthorized sentence and violates the prohibition against ex post facto laws.

"[A] restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws."  (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30; see also *People v. Downing* (1985) 174 Cal.App.3d 667, 672.)  Applying a later version of the statute

3

constitutes an error and an ex post facto violation. "Nevertheless, the rule of forfeiture is applicable to ex post facto claims [citation], particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing." (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

Generally, a sentence is " 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) The $3,360 restitution fund fine does not meet this definition because the amount imposed was within the $10,000 statutory limit. Thus, the trial court had the legal authority to impose a fine in that amount. (§ 1202.4, subd. (b); see *People v. Lewis* (2009) 46 Cal.4th 1255, 1321.) Because the sentence could lawfully be imposed, defendant was required to object in the trial court to preserve the issue for appeal. (*Scott,* at p. 354; *People v. Smith* (2001) 24 Cal.4th 849, 944-945.) Defendant did not object, and has forfeited this claim of error. (*People v. McCullough* (2013) 56 Cal.4th 589, 599.)

Anticipating this conclusion, defendant contends trial counsel rendered ineffective assistance by not objecting to the trial court's use of the incorrect minimum amount to calculate the restitution fund fine. To prevail on an ineffective assistance of counsel claim, appellant must prove two elements: (1) trial counsel's deficient performance; and (2) prejudice as a result of that performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674].) Deficient performance is established if the record demonstrates counsel's representation "fell below an objective standard of reasonableness under the prevailing norms of practice." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937.) With respect to unfavorable sentencing issues, "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his [or her] client may be found incompetent. [Citations.]" (*Scott, supra*, 9 Cal.4th at p. 351; see also *People v. Le* (2006) 136 Cal.App.4th 925, 936.) Further, even where it appears counsel's performance was deficient, the judgment must "be upheld unless the defendant demonstrates

4

prejudice, i.e., that, ' " 'but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' [Citations.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 569.)

Here, the record does not establish the trial court used the statutory minimum in setting the restitution fund fine. There is no indication in the record as to the basis of the fine. We will not reverse the trial court's exercise of discretion based on speculation.

Moreover, the record is not clear about the dates on which defendant committed these offenses. He was charged with, and pleaded to, committing the offenses between October 8, 2010 and October 7, 2012. The stated factual basis for the plea "comes from" the sheriff's report that is summarized in the probation report. The probation report indicates defendant committed the offenses against this victim from October 2010 to October 2011. In 2010, the statutory minimum restitution fund fine was $200. (Former § 1202.4, subd. (b), as amended by Stats. 2010, ch. 351, § 9.) Effective January 1, 2012, the statutory minimum was $240, with scheduled increases to $280 for 2013, and $300 for 2014. (§ 1202.4, subd. (b)(1) as amended by Stats. 2011, ch. 358, § 1.) Thus, depending on the dates of the offenses, the appropriate minimum fine in this case could have been either $200 or $240. Utilizing the statutory formula, as defendant presumes the trial court did, would have resulted in a restitution fund fine of either $4,800 ($200 multiplied by 12 years imprisonment and that amount multiplied by defendants 2 convictions) or $5,760 ($240 multiplied by 12 years imprisonment and that amount multiplied by defendants 2 convictions). That is, the statutory formula would have resulted in the trial court imposing a *greater* restitution fund fine than the trial court actually imposed. Accordingly, we conclude there was no error resulting in prejudice to defendant.

II

*Sex Offender Fine Penalty Assessments*

Defendant next claims the trial court miscalculated the sex offender fine under section 290.3 and its attendant penalty assessments. Specifically, defendant contends the trial court erred in imposing a $60 additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)), rather than a $30 penalty. The People properly concede this point. Relatedly, the People contend the trial court also erred by not imposing a mandatory state-only DNA penalty attached to the sex offender fine under Government Code section 76104.7. We agree with the People that the trial court erred in not imposing a mandatory state-only DNA penalty assessment.

Section 290.3 requires the trial court to impose a $300[2] base fine for the first conviction of certain specified sex offenses, including section 288a, unless the trial court determines the defendant does not have the ability to pay the fine. (§§ 290, subd. (c); 290.3, subd. (a).) In addition to the $300 base fine, there are a number of penalty assessments applicable to section 290.3: "(1) a 100 percent state penalty assessment (§ 1464, subd. (a)(1)) equal to $300; (2) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)) equal to $210; (3) a 20 percent state surcharge (§ 1465.7) equal to $60; (4) a 50 percent state court construction penalty (Gov. Code, § 70372) equal to $150; (5) a 20 percent additional penalty for emergency medical services (Gov. Code, § 76000.5) equal to $60; (6) a 10 percent additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)) equal to $30; and (7) a 30 percent additional state-only DNA penalty (Gov. Code, former § 76104.7) equal to $90." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 940-941, fns. omitted.) The only difference in this case is that the state-only DNA penalty assessment increased to 40 percent, equal to $120. (Stats. 2012, ch. 32, § 25, eff.

---

[2]     This is the applicable base fine amount at the time of defendant's crimes, from 2010 to 2012.

June 27, 2012; see *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1457-1458.)  If the trial court imposes a section 290.3 sex offender fine, it must also impose the mandatory penalty assessments and surcharges based on these provisions.  The failure to do so may be raised for the first time on appeal.  (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1372; *People v. Stewart* (2004) 117 Cal.App.4th 907, 911-912.)

Government Code section 76104.6 provides for a 10 percent additional DNA penalty on the $300 base fine; that is, an assessment equal to $30 per count.  Here, the trial court erred by imposing a $60 assessment per count under this statute.

The trial court also erred in not imposing the state-only DNA penalty assessment under Government Code section 76104.7.  However, it is unclear from the record before us whether the fine should be $90 or $120.  As discussed above, defendant pleaded to committing offenses occurring between October 2010 and October 2012.  In June 2012, the amount of the assessment increased from 30 percent of the base fine to 40 percent.  Consequently, the specific date on which the offenses were committed will affect the amount of the assessment.  In any event, imposing the Government Code section 76104.7 assessment will increase defendant's fine by either $90 or $120 per count.  When a fine has an ability to pay provision, and when the reviewing court imposes penalty assessments greater than what was originally imposed, the matter should be remanded to the trial court for a determination of whether the defendant has the ability to pay the newly-imposed amount.  (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1531–1532; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249–1250.)  Because the section 290.3 sex offender fine has an ability to pay provision and imposition of the state-only DNA penalty will increase the total financial obligations, we must remand the matter to the trial court to determine defendant's ability to pay this newly-imposed penalty assessment in light of the section 290.3 fine with its penalty assessments.

## DISPOSITION

The Penal Code section 290.3 sex offender fine (with its attendant penalty assessments) is reversed and remanded to the trial court for further proceedings to determine the appropriate amount of the state-only DNA penalty assessment under Government Code section 76104.7 and defendant's ability to pay this newly-imposed penalty assessment in light of the total financial obligations of the section 290.3 fine with its penalty assessments.  If the court determines defendant has the ability to pay the Penal Code section 290.3 fine with its penalty assessments, then it shall reduce the Government Code section 76104.6 assessment to $30 per count.  The clerk shall amend the abstract of judgment to conform to the trial court's decision, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                    /s/
                                          HOCH, J.



We concur:



          /s/
BLEASE, Acting P. J.



          /s/
RENNER, J.

8